IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY MARSILIANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:04 cv 188 WDS |
| ) | |
| RANDY E. GROUNDS and TERRY GUY, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to the Magistrate Judge by Senior District Judge William D. Stiehl pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment filed by the defendants, Randy Grounds and Terry Guy, on January 3, 2005 (Doc. 11).  For the reasons set forth below, it is **RECOMMENDED** that motion be **GRANTED** and that the court adopt the following findings of fact and conclusions of law:

Findings of Fact

On March 17, 2004, the plaintiff, Anthony Marsiliano, filed a "Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction" along with a motion to proceed in forma pauperis.  The memorandum was construed as a complaint filed pursuant to 42 U.S.C. §1983 by District Judge William D. Stiehl on October 20, 2004.  The complaint, then, alleged that Marsiliano was denied kosher meals while housed at the East Moline Correctional Center in violation of the First Amendment.  In the plaintiff's amended complaint, Marsiliano further alleges that in addition to being denied proper meals, he was retaliated against for filing a grievance regarding his dietary needs.  The plaintiff alleges that he

was denied proper meals and retaliated against by the Warden, Randy Grounds, and the Assistant Warden, Terry Guy, in their official capacities.

## Conclusions of Law

The first document filed by the defendants is the pending motion for summary judgment. This motion is not a pleading that is listed in Federal Rule of Civil Procedure 7 as it is not an answer. Nor is the motion captioned as a motion to dismiss, pursuant to Rule 12(b), that may be filed prior to the filing of an answer. As Judge Stiehl construed the plaintiff's initial filing as a complaint, the defendants, having waived service of process, should have filed a responsive pleading – i.e. a motion to dismiss or an answer. Instead, they filed this motion for summary judgment.

Nonetheless, in order to move this litigation along, the Court will construe the motion for summary judgment as a motion to dismiss. Rule 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. Jet, Inc. V. Shell Oil, Co., 381 F.3d 627, 629 (7th Cir. 2004) (discussing a Rule 12(b)(6) motion to dismiss). A complaint can only be dismissed if "there is no possible interpretation of the complaint under which it can state a claim." Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004). A motion to dismiss can be construed as a motion for summary judgment pursuant to Rule 12(b) provided the plaintiff is given notice so that he may present evidence to support his claim. See Chicago Board of Education v. Substance, Inc., 354 F.3d 624, 627-628 (7th Cir. 2003). In this case, the Court will construe the motion to dismiss as a motion for summary judgment. The plaintiff was given

sufficient notice of this not only by the caption of this motion but also by the notice filed by the defendants on January 3, 2005.[1]

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Haefling v. United Parcel Service, Inc., 169 F.3d 494, 497 (7th Cir. 1999); Dempsey v. Atchison, Topeka and Santa Fe Railway Company, 16 F.3d 832, 836 (7th Cir. 1994). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); Miller v. Borden, Inc., 168 F.3d 308, 312 (7th Cir. 1999). A fact is material if it is outcome determinative under applicable law. Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 344 (7th Cir. 1999); Smith v. Severn, 129 F.3d 419, 427 (7th Cir. 1997); Estate of Stevens v. City of Green Bay, 105 F.3d 1169, 1173 (7th Cir. 1997). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the Court reveals a good faith dispute as to inferences to be drawn from those facts. Plair v. E.J. Brach & Sons, Incorporated, 105 F.3d 343, 346 (7th Cir. 1997); Lawshe v. Simpson, 16 F.3d 1475, 1478 (7th Cir. 1994); Dempsey, 16 F.3d at 836. Finally, summary judgment "will not be defeated simply because motive or intent are involved." Roger v. Yellow Freight Systems, Inc., 21 F.3d 146, 148

---

[1] It may appear that the Court is reaching a conclusion after following an obviously circular path. However, if the Motion for summary judgment is not first construed as a motion to dismiss, the defendants would have essentially failed to timely submit a responsive pleading. That would lead to default and possible default judgment. However, justice would not be served with such a result as the defendants are actively participating in this lawsuit. In addition, this motion must then be construed as a motion for summary judgment given the evidence attached to the defendants' motion and this Court's consideration of the evidence.

(7th Cir. 1994).  *See also* Miller, 168 F.3d at 312; Plair, 105 F.3d at 347; Cf. Hong v. Children's Memorial Hospital, 993 F.2d 1257, 1261 (7th Cir. 1993); Lac Du Flambeau Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1258 (7th Cir. 1993).

In deciding a motion for summary judgment, the trial Court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986)

*See also*: Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273 (1986); Haefling, 169 F.3d at 497-98; Sybron Transition Corporation v. Security Insurance Company of Hartford, 107 F.3d 1250, 1255 (7th Cir. 1997); Weinberger v. State of Wisconsin, 105 F.3d 1182, 1188 (7th Cir. 1997).  The defendants argue that summary judgment should be granted because the plaintiff had failed to exhaust his administrative remedies prior to filing suit.

Marsiliano's status as a prisoner means that his claims are governed by the Prison Reform Litigation Act of 1996.  Witzke v. Femal, 376 F.3d 744, 749 (7th Cir. 2004).  The PLRA provides:

4

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. §1997e(a).

Thus, exhausting available administrative remedies is a precondition of suit. Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004); See also Perez v. Wis. Dept. of Corr., 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). "The statute can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit." Perez, 182 F.3d at 536. The statute gives the defendants the benefit of not having to defend this suit on the merits if the plaintiff failed to exhaust his administrative remedies.

     As a state prison inmate, the procedures that Marsiliano should have followed in order to exhaust his administrative remedies are contained in Title 20 of the Illinois Administrative Code at sections 504.800 through 504.870. The code first provides for informal resolution of the problem through a Counselor. ILL. ADMIN. CODE tit. 20, §504.810(a) (2005). If the problem is not resolved, the inmate then may file a written grievance within 60 days of the occurrence which is dealt with by a Grievance Officer on a weekly basis. Id. at §504.810(b). The Grievance Officer then either denies the grievance and returns the documents to the inmate or submits the grievance for investigation and reports findings to the Chief Administrative Officer. Id. at §504.830. The Chief Administrative Officer is generally to provide a response within 2 months of receipt of the grievance. Id. at 504.830(d). If the issue is not resolved to the inmate's satisfaction, it may then be appealed to the Director within 30 days of receiving a response from the Chief Administrative Officer. Id. at 504.850.

The undisputed evidence reveals that Marsiliano filed an "emergency grievance" with the Chief Administrative Officer on January 29, 2004. (Def. Ex. A at p. 2) The code allows for the expedited processing of an emergency grievance and the grievance is "handled on an emergency basis" if the Chief Administrative Officer "determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender." ILL. ADMIN. CODE tit. 20, §504.840(a). On February 6, 2004, the Chief Administrative Officer found that Marsiliano's grievance was not an emergency. (Def. Ex. A at p. 2) The grievance was then denied on February 25, 2004 by the grievance officer and by the Chief Administrative Officer who considered Marsiliano's grievance on a non-emergency basis. (Def. Ex. A at p. 6) Marsiliano's grievance was received by the Administrative Review board on March 23, 2004 and was denied by the Administrative Review Board and the Director on April 30, 2004. (Def. Ex. A at p. 8) Thus, the final decision on Marsiliano's grievance was issued on April 30, 2004, at least a month and a half *after* he filed a complaint in this case.

The only argument that Marsiliano makes in response to this motion is that he never intended to file a complaint and that he only wanted a Temporary Restraining Order and a Preliminary Injunction. Thus, he states, the requirement that he exhaust his administrative procedures should be waived. The plaintiff's arguments are unavailing. Judge Stiehl construed the plaintiff's initial filing to be a complaint and the plaintiff did not object to the finding. Therefore, he should have exhausted his administrative remedies *prior* to filing suit. Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004). It makes no difference that he happened to complete the administrative procedures while this case was on-going. Filing suit prior to exhausting remedies is not consistent with the PLRA and his suit must be dismissed without prejudice.

Ford, 362 F.3d at 401.

Finally, Marsiliano filed a motion to amend his complaint prior to the filing of this motion to dismiss. Leave was not granted until March 30, 2005. While the filing of an amended complaint generally would moot a motion to dismiss, that is not the case here. The amended complaint does not change the substance of the plaintiff's original complaint and does not affect the arguments made by the defendant in this motion to dismiss – they apply equally to the amended complaint.

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment filed by the defendants, Randy Grounds and Terry Guy, on January 3, 2005 (Doc. 11) be **GRANTED**, that this matter be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law:

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after issuance of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 4, 2005.**

                                                           **s/ Donald G. Wilkerson**
                                                           **DONALD G. WILKERSON**
                                                           **United States Magistrate Judge**